UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 11-10136-MLW |
| | ) |
| CHARLES FEENEY, | ) |
| Defendant. | ) |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER
## OF FORFEITURE (SPECIFIC ASSETS)

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for

the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order

of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)

and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Preliminary Order of

Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1.      On March 31, 2011, a federal grand jury sitting in the District of Massachusetts

returned a two-count Indictment charging defendant Charles Feeney (the "Defendant") with

Solicitation, Demand, and Acceptance of a Kickback by an Agent of a Federally Funded

Organization, in violation of 18 U.SC. § 666(a)(1)(B) (Counts One and Two).

2.      The Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the

forfeiture, upon conviction of the Defendant of any offense alleged in Counts One and Two of the

Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable

to the commission of the offenses.  Such property specifically included, without limitation:

> a.  one white 1992 GMC 3500 utility truck, bearing Massachusetts
>     registration M352851 (the "Vehicle").

1

ALLOWED
Way. D J
March 9, 2015

3.     The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4.     On May 9, 2012, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment and agreed to the forfeiture of the Vehicle and $139,318.96 in United States currency[1].

5.     In light of the Defendant's guilty plea, the United States has established the requisite nexus between the Vehicle and the offenses to which the Defendant pled guilty. Accordingly, the Vehicle is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6.     Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Vehicle.

7.     Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the

---

1 The United States filed a separate motion for forfeiture seeking entry of a money judgement against the defendant in the amount of $139,318.96.

government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Vehicle, and notice that any person, other than the Defendant, having or claiming a legal interest in the Vehicle must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

8.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Vehicle, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Vehicle and any additional facts supporting the petitioner's claim and the relief sought.

9.      The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Vehicle that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c)     incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

3

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ Mary B. Murrane
SANDRA BOWER
MARY B. MURRANE
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Dated: August 28, 2012     (617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Mary B. Murrane
MARY B. MURRANE
Dated: August 28, 2012     Assistant U.S. Attorney

4