UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10136-MLW |
| | ) | |
| CHARLES FEENEY, | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On March 31, 2011, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment charging defendant Charles Feeney (the "Defendant") with Solicitation, Demand, and Acceptance of a Kickback by an Agent of a Federally Funded Organization, in violation of 18 U.SC. § 666(a)(1)(B) (Counts One and Two).

2. The Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One and Two of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses. Such property specifically included, without limitation:

*[handwritten annotation: Allowed / May 4, DJ / March 9, 2013]*

        a. one white 1992 GMC 3500 utility truck, bearing Massachusetts registration M352851 (the "Vehicle").

3. The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4. On May 9, 2012, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment and agreed to the forfeiture of the Vehicle[1] and $139,318.96 in United States currency.

5. Based on the Defendant's guilty plea on May 9, 2012, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $139,318.96 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). This amount represents the proceeds of the Defendant's crimes.

6. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See, e.g., United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

---

1 The United States filed a separate motion for entry of a a Preliminary Order of Forfeiture against the Vehicle.

7.  Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

8.  Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m) and 28 U.S.C. §2461(c) (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, by virtue of the Defendant's guilty plea, a money judgment in the amount of $139,318.96 in United States currency should be entered against the Defendant. The United States respectfully requests that this Court enter an Order of Forfeiture in the form submitted herewith.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Mary B. Murrane
SANDRA BOWER
MARY B. MURRANE
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: August 28, 2012

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Order of Forfeiture (Money Judgment), as well as the proposed Order of Forfeiture (Money Judgment), were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Mary B. Murrane
MARY B. MURRANE
Dated: August 28, 2012    Assistant U.S. Attorney

4